**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4641**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA PAUL PARKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:17-cr-00014-MR-DLH-1)

Submitted: July 16, 2019                          Decided: August 2, 2019

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Daniel V. Bradley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Paul Parks pled guilty, pursuant to a conditional plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced him to 51 months' imprisonment. On appeal, Parks challenges the court's denial of his motion to suppress—specifically, the court's conclusion that he, as a passenger in a vehicle he did not own, lacked standing to contest the search of the vehicle, during which the firearm was discovered. We affirm.[*]

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). For a defendant's expectation of privacy to be legitimate, he "must have a subjective expectation of privacy, and that subjective expectation of privacy must be objectively reasonable; in other words, it must be an expectation that society is willing to recognize as reasonable." *United States v. Castellanos*, 716 F.3d 828, 832 (4th Cir. 2013) (citations and internal quotation marks omitted). The defendant challenging the search bears the burden of establishing a reasonable expectation of privacy in the searched area. *Id.*

The Government concedes that Parks had an actual, subjective expectation of privacy but argues that Parks' subjective expectation was objectively unreasonable. "[A] passenger normally has no legitimate expectation of privacy in a car in which he asserts

---

[*] The parties disagree about the standard of review, but "[w]e need not resolve this dispute because [Parks] cannot prevail, even under the de novo standard." *United States v. Perry*, 757 F.3d 166, 174 (4th Cir. 2014).

neither a property interest nor a possessory interest and where he disclaims any interest in the seized object." *United States v. Rusher*, 966 F.2d 868, 874 (4th Cir. 1992). Accordingly, to challenge the search on Fourth Amendment grounds, Parks had to demonstrate a "special circumstance that would give [him] a greater expectation of privacy in the [vehicle] than passengers normally have." *Id.*

While Parks' ownership of the firearm is relevant to the inquiry, it is far from dispositive. *See United States v. Manbeck*, 744 F.2d 360, 374 (4th Cir. 1984) ("[O]wnership of the item seized is, by itself, insufficient to confer a privacy interest in the area searched."). And the other factors identified by Parks—his relationship to the driver and his effort to conceal the firearm—do not tip the balance in his favor. Because Parks has not demonstrated that he had a reasonable expectation of privacy in the area under the passenger seat of the vehicle, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*